[Cite as *In re D.B.*, 2019-Ohio-4514.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| IN RE: | : | |
| D.B., et al. | : | CASE NOS. CA2019-06-065 |
| | | CA2019-06-066 |
| | : | CA2019-06-067 |
| | : | O P I N I O N |
| | | 11/4/2019 |
| | : | |
| | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 118-D000018

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036 for appellee

Sean Brinkman, 10 West Monument Avenue, Dayton, Ohio 45402, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, the mother of D.B., V.B., and M.B. ("Mother"), appeals the decision of the Warren County Court of Common Pleas, Juvenile Division, granting permanent custody of her three children to appellee, Warren County Children Services ("WCCS"). For the reasons outlined below, we affirm.

{¶ 2} On April 25, 2018, Mother's first two children, D.B. born on April 5, 2013 and V.B. born on February 23, 2017, were adjudicated dependent children. Approximately three

months later, on July 19, 2018, Mother's third child, M.B., born on May 27, 2018, was also adjudicated a dependent child. The three children were adjudicated dependent based primarily on concerns regarding Mother's untreated mental health and substance abuse issues, as well as several reports of domestic violence in the home. This includes Mother's purported daily use of methamphetamines in front of the children, as well intermittent use of marijuana and amphetamines. The same basic allegations were levied against the children's father. The father, however, is not a party to this appeal.

{¶ 3} On February 14, 2019, after not having had any contact with Mother for approximately five months, WCCS moved for permanent custody of the children. The juvenile court held a one-day hearing on WCCS' motion on May 13, 2019. The juvenile court heard testimony from one witness during this hearing; the ongoing caseworker assigned to the case. Although provided with notice of the hearing, Mother did not make an appearance at the permanent custody hearing. Neither did the children's father.

{¶ 4} At the permanent custody hearing, the caseworker testified that neither she nor the children had had any contact with Mother for several months. The caseworker also testified that Mother had not completed any of the case plan services deemed necessary for her reunification with the children. This includes mental health and substance abuse treatment, parenting classes, and a domestic violence intervention program, among others. The caseworker further testified that Mother had not provided her with any verifiable information that she had obtained gainful employment or suitable housing for herself and the children.

{¶ 5} On May 17, 2019, the juvenile court issued a decision granting WCCS' motion for permanent custody. In so holding, the juvenile court found Mother had not completed any of the required case plan services set forth in her case plan "notwithstanding reasonable case planning and diligent efforts by [WCCS]." This includes, as noted above,

- 2 -

mental health and substance abuse treatment, parenting classes, and a domestic violence intervention program. The juvenile court also found that Mother had tested positive for several illegal substances throughout the pendency of the case and that Mother had effectively abandoned the children by not having any contact with the children for over six months. Mother now appeals the juvenile court's decision granting WCCS' motion for permanent custody, raising the following single assignment of error for review.

{¶ 6} THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY BECAUSE THE TRIAL COURT DID NOT FIND CHILDREN SERVICES MADE REASONABLE EFFORTS TO ELIMINATE THE CONTINUED REMOVAL OF THE CHILD FROM THE CHILD'S HOME OR TO MAKE IT POSSIBLE FOR THE CHILD TO RETURN HOME SAFELY.

{¶ 7} In her single assignment of error, Mother argues the juvenile court erred by granting permanent custody of her three children to WCCS since WCCS failed to make "reasonable efforts" to prevent the removal of the children from her home. Mother also argues that WCCS failed to make "reasonable efforts" to make it possible for the children to return safely to her home. We disagree.

{¶ 8} Mother initially argues that the juvenile court erred by granting WCCS' motion for permanent custody since the juvenile court failed to make a "reasonable efforts" finding as part of its decision granting WCCS' motion. "Generally, a juvenile court does not have to make a reasonable efforts determination pursuant to R.C. 2151.419(A)(1) in a permanent custody hearing." *In re J.H.*, 12th Dist. Clinton Nos. CA2015-07-014 and CA2015-07-015, 2016-Ohio-640, ¶ 29, citing *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, ¶ 41. However, even if it did have to make that finding, the juvenile court clearly did make that finding as part of its decision to grant WCCS' motion. The juvenile court in fact specifically stated that it had found WCCS had engaged in "reasonable case planning and diligent efforts" in hopes

that Mother would turn her life around so that she could be reunified with her children. Therefore, considering the record properly before this court, Mother's claim that the juvenile court did not make a "reasonable efforts" finding as part of its decision granting WCCS' motion for permanent custody lacks merit.

{¶ 9} Mother also argues that the juvenile court erred by granting WCCS' motion for permanent custody since WCCS (1) waited several months to refer her for case plan services after the children were removed from her care, (2) suspended her visitation time with the children, and (3) later removed her from the case plan altogether. But, despite Mother's claims, the record indicates that WCCS acted expeditiously in referring Mother for case plan services given her general lack of involvement in the plan. This includes, as noted above, mental health and substance abuse treatment, parenting classes, and a domestic violence intervention program. Mother, however, either failed to attend those required case plan services or was unsuccessfully discharged from those services.

{¶ 10} The record also indicates that Mother's visitation time with the children was not suspended by WCCS without cause. The record instead indicates Mother's visitation time was suspended due to her sporadic attendance and general lack of engagement with the children. This ultimately resulted in Mother being removed from the case plan altogether due to her disregard and apparent indifference towards meeting the requirements set forth in her case plan. Therefore, while Mother would like to place the blame for her failings on WCCS, the record indicates those failings were the fault of Mother, and Mother alone.

{¶ 11} The key concern in a permanent custody proceeding is "whether the parent has substantially remedied the concerns that caused the child's removal from the parent's custody." (Emphasis omitted.) *In re S.M.*, 12th Dist. Clermont No. CA2015-01-003, 2015-Ohio-2318, ¶ 24. The record in this case firmly establishes that Mother did not remedy the concerns that led to the children's removal from her care, let alone substantially remedy

those concerns. Mother in fact failed to take even the slightest steps towards remedying many, if not all, of those concerns even after WCCS moved for permanent custody. This most notably includes Mother's untreated mental health and substance abuse issues, the two main reasons that the children were removed from Mother's care. Therefore, when the focus is on best interests of the children, the juvenile court's decision granting permanent custody to WCCS was proper. Accordingly, finding no error in the juvenile court's decision granting WCCS' motion for permanent custody, Mother's single assignment of error lacks merit and is overruled.

{¶ 12} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.